IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSIE ADAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1014-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Jessie Adams seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*. For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that he is disabled as a result of chronic obstructive pulmonary disease ("COPD"), asthma, and emphysema. After his applications for disability and SSI benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on December 8, 2006. At the time of the hearing, plaintiff was 52 years old. He has a high school equivalency diploma and past work experience as a truck driver, a materials handler, and a janitor. Plaintiff has not engaged in substantial gainful activity since November 14, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from COPD, asthma, and

emphysema, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform the full range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a cashier, a fast food worker, and a sales attendant -- jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In his sole ground for relief, plaintiff contends that the hearing decision is not supported by substantial evidence because the ALJ failed to order an updated pulmonary function test.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ should have ordered an updated pulmonary function test before assessing his residual functional capacity. In June 2005, doctors performed a spirometry to determine the severity of plaintiff's breathing impairments.[1] However, plaintiff complained of cramping and pain at the base of the lung during forced exhalation and was unable to sufficiently inhale to 90% of vital capacity. (*See* Tr. at 296). His effort during the test was described as "inconsistent and unreproducible," causing the results to be "unacceptable." (*Id.* at 296, 302, 436). At the administrative hearing, the ALJ asked a non-treating medical expert, Dr. Charles Murphy, to express an opinion regarding plaintiff's residual functional capacity. Dr. Murphy responded:

> Well, *it would help if we had a valid spirometry*, but I think, based on what I see, I would put him at the light level with climate control.

---

[1] A spirometry is a type of pulmonary function test that measures the breathing capacity of the lungs. *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY at 1680 (29th ed. 2000).

(*Id.* at 437) (emphasis added). The ALJ gave significant or substantial weight to this opinion and determined that plaintiff had the residual functional capacity to perform the full range of light work. (*Id.* at 19).

While the ALJ has a duty to fully and fairly develop the record, "[n]o duty to investigate further arises unless the existing evidentiary record raises a reasonable suspicion of a potentially disabling impairment that has not been fully evaluated." *Welsh v. Barnhart,* No. 1:01-CV-220, 2002 WL 32073076 at *14 (E.D. Tex. Dec. 23, 2002), *rec. adopted,* 2003 WL 1908082 (E.D. Tex. Jan. 22, 2003), *citing Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir. 1987). Stated differently, the duty to order additional medical testing is triggered only when the existing evidence is insufficient to make an *informed* disability determination. *See Oderbert v. Barnhart,* 413 F.Supp.2d 800, 805 (E.D. Tex. 2006). There is no duty to obtain further testing simply because evidence is inadequate for a *favorable* determination. *Id.*; *see also Turner v. Califano,* 563 F.2d 669, 671 (5th Cir. 1977) ("'[F]ull inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision.").

The record in this case does not raise a "reasonable suspicion" that plaintiff suffered from a potentially disabling impairment that had not been fully evaluated. To the contrary, the evidence before the ALJ established that plaintiff suffered from severe pulmonary impairments, including COPD, asthma, and emphysema, which were treated by medication. (*See, e.g.* Tr. at 119, 175, 240, 254, 271, 281, 287, 312, 389). Notwithstanding those impairments, two state agency physicians and a testifying medical expert opined that plaintiff retained the residual functional capacity for the full range of light work. (*Id.* at 316-23, 324-31, 436-42). No contrary medical evidence was offered by plaintiff at the administrative hearing. Although Dr. Murphy testified that a valid spirometry would

have been "helpful," the court cannot say that the ALJ was unable to fully evaluate plaintiff's residual functional capacity based on the other evidence of record.

Even if the ALJ was remiss in failing to order an updated pulmonary function test, plaintiff does not proffer what this subsequent test would have revealed or whether it would have changed the outcome of the disability determination. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (reversal appropriate only if claimant shows prejudice resulting from ALJ's failure to request additional information); *Oderbert*, 413 F.Supp.2d at 805 (same). Without such a showing, this claim must fail.

## **CONCLUSION**

The hearing decision is affirmed in all respects.

DATED: August 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE